Peri Tobin (WA Bar # 40409)
Recovery Law Group, APC
1455 NW Leary Way
Suite 400
Seattle, WA 98107
T: (949) 633-1474
E: peri.tobin@ymail.com

Attorneys for Plaintiff
Seantaila Spears

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Seantaila Spears<br><br>Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.<br><br>Defendant. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq.*<br>3. Invasion of Privacy – Intrusion Upon Seclusion |

COMES NOW Plaintiff Seantaila Spears ("Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Capital One Bank USA, N.A.'s ("Capital One") violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and for Invasion of Privacy – Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another…that would be highly offensive to a reasonable person. Defendants actions alleged herein also constitute violations of the Washington Consumer Protection Act, RCW 19.86, *et. seq.*

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 50 times after receiving a written notice of attorney representation sent by certified mail.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff; by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The Washington Consumer Protection Act, RCW 19.86, *et. seq.* was enacted to prevent unfair and deceptive acts and practices in the conduct of a trade or business.

## JURISDICTION & VENUE

6. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

7. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this United States District Court pursuant to both, 28 U.S.C §1391(b)(2) because a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## GENERAL ALLEGATIONS

9. Plaintiff is an individual residing in King County, in the city of Federal Way, Washington.

10. At all relevant times herein, Capital One was a nationally chartered consumer finance bank engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff.

11. The debt at issue is consumer debt.

12. Plaintiff opened a credit card account issued by Capital One sometime in mid-2017.

13. The credit card account extended to Plaintiff was primarily for personal, family or household purposes.

14. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

15. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account soon after opening the account and making purchases/charges.

16. Plaintiff eventually became financially unable to continue making payments on her account.

17. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

18. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

19. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

20. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

21. Plaintiff's notice was sent to Defendant on June 10, 2021 via certified mail.

22. Defendant received the certified notice on June 21, 2021.

23. Defendant continued to call Plaintiff after the June 10, 2021 certified notice of representation and revocation of consent was sent.

24. Defendant continued to call Plaintiff's cell phone multiple times each day.

25. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

26. Defendant would use a pre-recorded voice when calling Plaintiff and would leave pre-recorded messages for Plaintiff.

27. Defendant's autodialing machine has the capacity to randomly and sequentially generate and dial numbers.

28. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant, despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

29. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

30. Defendant placed at least 50 automated calls and pre-recorded messages after it received the June 10, 2021 certified letter.

**FIRST CAUSE OF ACTION**
(Violations of the TCPA)
(47 USC § 227)
(Against Defendant)

31. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

32. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in June of 2021.

33. Defendant called Plaintiff repeatedly after Plaintiff withdrew her consent to be contacted by an automatic dialing machine on her cellular telephone.

34. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on her cellular telephone.

35. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

36. Consequently, Defendant had "actual" knowledge of its violations of the TCPA.

37. Alternatively, Defendant should have known its conduct violated the TCPA.

38. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

39. Defendant left multiple pre-recorded messages on Plaintiff's cellular telephone.

40. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

41. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

42. Defendant contacted Plaintiff at least 50 (fifty) times after she revoked her consent to be contacted on her cellular telephone and informed Defendant she was represented by counsel.

43. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

44. Plaintiff expressly revoked any consent that she may have previously given to Defendant to be contacted by an automatic dialing machine in June of 2021.

45. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone.

46. These telephone calls by Defendant, its representatives, employees, agents, assignees or succesors, violated 47 U.S.C. §227(b)(1)(A)(iii).

## SECOND CAUSE OF ACTION
(Violation of the RCW 19.86, *et. seq.*)
(Against Defendant Capital One)

47. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

48. Defendant employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq*, by deceptively and repeatedly contacting Plaintiff and by using unlawful, oppressive, abusive, and harassing pre-recorded calls to repetitively contact Plaintiff.

49. As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff have suffered actual harm, including but not limited to, invasion of privacy, nuisance,

humiliation and embarrassment, and disruption in her daily life, and have incurred damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant Capital One)

50. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

51. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

53. Capital One intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

54. Capital One intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

55. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

56. These intrusions and invasions against Plaintiff by Capital One occurred in a way that would be highly offensive to a reasonable person in that position.

57. Capital One received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

58. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Capital One.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. Declaratory judgment that Capital One violated the TCPA;
   b. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;
   c. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
   d. Actual and punitive damages for Capital One's intrusion upon Plaintiff's seclusion;
   e. Pursuant to RCW 19.86.90, an award of treble damages.
   f. Pursuant to RCW 19.86.90 and 19.86.140, an award of reasonable attorney fees and costs incurred in bring this action; and
   g. Any other relief that the court deems appropriate and proper.

Dated November 4, 2021.                    Respectfully Submitted,

*/s/ Peri Tobin*
Peri Tobin (WA Bar # 40409)
Recovery Law Group, APC