UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEANTAILA SPEARS,<br><br>                    Plaintiff,<br>     v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>                    Defendant. | CASE NO. 2:21-cv-01505-TL<br><br>ORDER EXTENDING TIME TO ANSWER AND AMENDED INITIAL CASE SCHEDULING ORDER |

### I. EXTENSION OF TIME TO ANSWER

On January 21, 2022, the parties filed a stipulated motion and proposed order for an extension of time for Defendant to respond to Plaintiff's complaint and to amend the initial case scheduling deadlines. Dkt. No. 10. As a preliminary matter, the Court notes that the deadline for Defendant to respond to the Complaint had already passed before the parties' filed the motion for an extension of time. LCR 7(j) requires motions for relief from deadlines to be filed *in advance* of any such deadlines:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will

ORDER EXTENDING TIME TO ANSWER AND AMENDED INITIAL CASE SCHEDULING ORDER - 1

be granted and must comply with the existing deadline unless the court orders otherwise.

The Federal Rules of Civil Procedure provide that the Court may grant a motion for extension of time that is "made after the time has expired if the party failed to act because of excusable neglect." Fed. R. of Civ. Proc. 6(b)(1)(B). Because the parties agree to this request for a time extension, the Court will consider their failure to act in a timely manner to be "excusable neglect." However, future requests that do not comply with the rules may be summarily denied. Defendant's deadline to Answer or respond to Plaintiff's Complaint is therefore extended to **February 11, 2022**.

## II. AMENDED INITIAL CASE SCHEDULING ORDER

Accordingly, the Court also resets the following dates for the initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 3/14/2022 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 3/28/2022 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 3/28/2022 |

Any request for an extension of the deadlines above must comply with the procedures set forth in this Court's Standing Order for All Civil Cases. *See* https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases.pdf. Plaintiffs and any Defendants who have appeared shall meet and confer before contacting the Court to request an extension and include a certification as to this requirement with any opposed motion.

If this case involves claims that are exempt from the requirements of Federal Rules of Civil Procedure ("FRCP") 26(a) and 26(f), please notify Kadya Peter, Courtroom Deputy, at Kadya_Peter@wawd.uscourts.gov.

### III. PROCEDURAL INFORMATION

All counsel and *pro se* parties shall review the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov.

In addition, all counsel and *pro se* parties shall review Judge Lin's Chambers Procedures at http://www.wawd.uscourts.gov/judges/lin-procedures.

**Counsel and *pro se* parties are expected to abide by the requirements set forth in the Local Rules as well as Judge Lin's Chambers Procedures. Failure to do so may result in the imposition of sanctions.**

### IV. JOINT STATUS REPORT & DISCOVERY PLAN

As noted above, all counsel and any *pro se* parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **March 28, 2022**. This conference shall be by direct and personal communication, whether that be an in-person or virtual face-to-face meeting or a telephonic conference. The Report will be used to set a schedule for the prompt resolution of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Magistrate Judge Rule 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this District thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree

that the Honorable Michelle L. Peterson may conduct all proceedings in this case, including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided. Individual party responses should not be provided.

      3.    A proposed deadline for joining additional parties.

      4.    For class action cases only: A proposed deadline for the filing of the Motion for Class Certification. If the deadline proposed by the parties is not within the period set forth in Local Civil Rule 23(i)(3), the parties shall provide good cause for an extension. The parties shall propose an agreed-upon briefing schedule for the class certification motion. Non-class action cases shall simply state "N/A."

      5.    A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3), which includes the following topics:

      (A)    initial disclosures;

      (B)    subjects, timing, and potential phasing of discovery;

      (C)    any issues about discovery or electronically stored information;

      (D)    privilege issues;

      (E)    changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery; and

      (F)    the need for any discovery-related orders.

      6.    The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

     (A) prompt case resolution;

     (B) alternative dispute resolution;

     (C) related cases;

     (D) discovery management;

     (E) anticipated discovery sought;

     (F) phasing motions;

     (G) preservation of discoverable information;

     (H) privilege issues;

     (I) Model Protocol for Discovery of ESI; and

     (J) alternatives to the Model Protocol.

  7. The date by which discovery will be completed.

  8. Whether the case should be bifurcated, *e.g.*, by trying the liability issues before the damages issues, or bifurcated in any other way.

  9. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for the sake of economy.

  10. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

  11. Whether the parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

  12. Any other suggestions for shortening or simplifying the case.

  13. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan. If the

parties will be proposing a trial date more than fourteen months from the date of the filing of the Joint Status Report, the parties shall include in this section of the report an explanation as to why the additional time is required.

14. Whether the trial will be a jury or non-jury trial.

15. The number of trial days required.

16. The names, addresses, and telephone numbers of all trial counsel.

17. The dates on which trial counsel may have conflicts or other complications to be considered in setting a trial date.

18. If, on the due date of the Report, all Defendant(s) or respondent(s) have not been served, counsel for Plaintiff(s) shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

19. Whether any party wishes to have a scheduling conference before the Court enters a scheduling order in the case.

20. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

21. A certification that all counsel and any *pro se* parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, and the applicable Electronic Filing Procedures.

22. A certification that all counsel and any *pro se* parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference

with the Court at any time during the pendency of this action, they should notify Kadya Peter, Courtroom Deputy, at Kadya_Peter@wawd.uscourts.gov.

## V. Plaintiff's Responsibility

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for Plaintiff (or to Plaintiff, if *pro se*) and any Defendants who have appeared. Plaintiff's counsel (or Plaintiff, if *pro se*) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or Plaintiff, if *pro se*) will be responsible for starting the communications needed to comply with this Order.

## VI. Early Settlement Consideration & Notification

When civil cases are settled early—before becoming costly and time consuming—all parties and the Court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this District has stated:

> [T]he major ADR-related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this District have adopted a resolution "approving the Task Force's recommendation that court-connected ADR services be provided as early, effectively, and economically as possible in every suitable case." The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall immediately notify Kadya Peter, Courtroom Deputy, at Kadya_Peter@wawd.uscourts.gov.

## VII. SANCTIONS

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

IT IS SO ORDERED.

Dated this 26th day of January, 2022.

Tana Lin
United States District Judge